# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Thibodeaux                                                         Civil Action No. 6:17-cv-00381

versus                                                                 Judge Rebecca F. Doherty

Landry Fore, et al                            Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is a Motion To Dismiss Pursuant To Rule 12(b)(6) filed by Defendants - Landry Fore ("Fore"), Design Precast and Pipe, Inc. ("Design, Inc."), Gulf Coast Land Holdings, LLC ("Gulf Coast") and Design Precast & Pipe LA, LLC ("Design LLC"), (collectively "Defendants") [Rec. Doc. 10], Plaintiff, Glenn Thibodeaux's Opposition thereto [Rec. Doc. 17] and Defendants' Reply thereto [Rec. Doc. 22 ]; as well as, Defendants' Motion to Dismiss the First Supplemental and Amending Complaint [Rec. Doc. 19], and Plaintiff's Opposition thereto. [Rec. Doc. 23]. For the reasons set forth below, the Court recommends that the Motions to Dismiss be denied.

## I. BACKGROUND

This matter arises out of an accident which occurred on the premises of Design Inc. and/or Design LLC in Arnaudville, LA on February 16, 2016. Plaintiff filed suit against Defendants in the 27th Judicial District Court, Parish of St. Landry, Louisiana, alleging that he was injured on the premises of Design, Inc. and/or Design LLC, due to the negligence of Landry Fore, an employee of one or all of the forgoing

defendants.[1] Plaintiff alleges Design Inc., Design LLC, and Gulf Coast LLC are liable for the tortious conduct of their employee, Fore, through the doctrine of respondeat superior.

Plaintiff specifically alleges that several weeks before his accident, Fore asked Plaintiff to repair a wire leading to an electric motor at the top of a conveyor belt. Plaintiff agreed to perform the repair at a later date if Fore would provide a man lift. *R. 14, p. 2 , ¶ 3.* Fore agreed to provide the man lift and told Plaintiff that he would not call Plaintiff to perform the repairs until he secured said lift. *Id.*

Plaintiff further alleges that on February 16, 2016, Fore called him while he was working at another job site, because the "wire leading into the conveyor belt had completely stopped working and caused the conveyor belt to shut down" causing an "emergency situation ...as the factory would be shut down until the wire was repaired." *R. 14, p. 3, ¶ 5.* Plaintiff did not have a rope and harness with him, but assumed there was a man lift on site. *R. 14, p. 3, ¶ 6.* When Plaintiff arrived there was no man lift was present. *R. 14, p. 3, ¶ 7.* Nevertheless, due to the emergency situation, Plaintiff agreed to traverse the conveyor belt in order to fix the faulty wire approximately 30 feet above the ground, if Fore would watch his head so that he didn't hit the overhang/ledge above the engine. *R. 14, p. 3, ¶ 7-8.* Plaintiff needed

---

[1] Plaintiff does not mention Fore's specific employer, title with the employer, or relationship to Plaintiff. In the Amended Complaint he merely alleges, At all times material hereto, it is believed the Defendant, LANDRY FORE, was acting within the course and scope of his employment with DESIGN PRECAST & PIPE, INC., DESIGN PRECAST & PIPE LA, LLC, and/or GULF COAST LAND HOLDINGS, LLC, all entities believed to be in some form or fashion operating as Design Precast & Pipe, Inc. located at 6639 La. Hwy. 93, Arnaudville, LA 70512, the scene of the aforementioned fall of the Plaintiff. *R. 14, p. 5., para. 12.*

to watch his feet as he climbed. Despite agreeing to do so, Fore did not stay outside to watch Plaintiff climb and did not warn Plaintiff of how close he was to the ledge. This caused Plaintiff to hit his head and fall 30 feet to the ground causing permanent disabling injuries. *R. 14, p. 4, ¶ 9-10.*

On March 10, 2017, Defendants removed the case to this Court on the basis of this Court's diversity jurisdiction. *R. 1*. Defendants moved to dismiss Plaintiff's petition for failure to state a claim pursuant to FRCP 12(b)(6). *R. 10*. Plaintiff then filed a First Supplemental and Amending Complaint. *R. 14*. Defendant subsequently moved to dismiss Plaintiff's First Amending and Supplemental Complaint pursuant to FRCP 12(b)(6). *R. 19.*

## II. LAW AND ANALYSIS

*A. Legal Standard*

A motion to dismiss for failure to state a claim, under Fed.R.Civ.P. 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale*

*Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982) and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," *Id.* at 555, and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."*Id.* at 663-664. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257(5th Cir.2009).

*B. Analysis*

Because the analysis for Defendant's Motion To Dismiss Pursuant To Rule 12(b)(6) [Rec. Doc. 10], and Defendants' Motion to Dismiss the First Supplemental and Amending Complaint [Rec. Doc. 19] are the same, the Court will consider them together. In their Motions, Defendants argue Plaintiff's Complaint should be dismissed because the Defendants owed no duty to Thibodeaux. In support of this contention, Defendants assert (1) the alleged failure to have a man lift was not the cause of the accident, (2) Defendants owed no duty to protect Thibodeaux from his reckless act, (3) Defendants owed no duty to Thibodeaux because the risk of climbing the conveyor was open and obvious to all, and (4) since Plaintiff was aware that Fore had gone inside and was not on watch, Fore's assumed duty falls. *Rec. 19-1.*

In order for Fore to be liable for negligence under Louisiana Law, plaintiff must show Fore owed Plaintiff a duty, Fore breached that duty, and Plaintiff's damages resulted from that breach. *Crane v. Exxon Corp., U.S.A.*, 613 So.2d 214, 221 (La.App. 1st Cir.1992), amended on other grounds, 633 So.2d 636 (La.App. 1st Cir.1993). The question of whether a person owes a duty to another is a question of law. *Harris v. Pizza Hut*, 455 So.2d 1364, 1371 (La.1984). The particular facts and circumstances of each individual case determine the extent of the duty and the resulting degree of care necessary to fulfill that duty. *Socorro v. City of New Orleans*, 579 So.2d 931, 938 (La.1991). If a person undertakes a task which he had no duty to perform, he must perform the task in a reasonable and prudent manner. Negligent

5.

breach of a duty which has been voluntarily or gratuitously assumed may create civil liability. *Crane,* 613 So.2d at 221.

Plaintiff contends that a duty may arise by agreement and a subsequent breach of that duty can create civil liability. Specifically, Plaintiff claims the duty owed by Fore came from his agreement to serve as Plaintiff's "eyes" during the climb and to warn Plaintiff when he was approaching the ledge. *R. 23, p. 4.* Plaintiff argues that a duty can be voluntarily assumed and a breach of duty can give rise to a cause of action. Plaintiff claims Fore asked Plaintiff to come upon his property for the purpose of fixing the faulty wire, pleaded with him to traverse the conveyor belt to fix an emergency situation and entered into an agreement with the Plaintiff to mitigate some of the risk presented. Plaintiff distinguishes the cases cited by Defendants regarding no duty to protect against open and obvious dangers because in "none of the cases cited by Defendant does the Defendant invite the plaintiff onto his property, scheme up a plan to mitigate the danger associated with a condition present, breach the duty he assumed and then seek to wholly escape liability by stating it was an open and obvious all along and that Plaintiff knew the risk." *R. 23, p. 8.*

Plaintiff acknowledges it is "dangerous to climb a conveyor belt at that height without a safety harness," but argues that Fore agreed "to mitigate some of that danger and failed to do so." *Rec. 23, p. 8.* He further argues that any comparative fault determination is improper at this stage of the litigation. *R. 23, p. 9.* The Court agrees with the Plaintiff.

Taking the allegations in the amended complaint as true, as the Court must at this stage in the proceedings, the Court finds that Plaintiff's allegations that Fore voluntarily assumed the task of watching out for Plaintiff and then failed to do so set forth a plausible cause of action against Defendants.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' Motion To Dismiss Pursuant To Rule 12(b)(6) [Rec. Doc. 10], and Defendants' Motion to Dismiss the First Supplemental and Amending Complaint [Rec. Doc. 19] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed this 31st day of July, 2017 at Lafayette, Louisiana.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**